IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEMA JOHNSON** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 24-CV-0494** |
| | : | |
| **PROSPECT MEDICAL** | : | |
| **HOLDINGS,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                                                      FEBRUARY 9, 2024

Plaintiff Thema Johnson initiated this civil action by filing a *pro se* Complaint alleging violations of her constitutional rights and state tort law. Johnson seeks leave to proceed *in forma pauperis*. Named as Defendants are Prospect Medical Holdings, Samuel Sang-Bum Lee, Jim Brown, Leonard Green & Partners, Benjason Rodrigo Nunez, Johnathan Harmon, and Shamleejah Amesha Patterson. (Compl. at 1.)[1] For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss the Complaint. Johnson will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.      FACTUAL ALLEGATIONS**

Johnson's allegations are difficult to understand. She appears to assert that she is the "plenary guardian" for Mr. Marcus Johnson "under MA Family Court 2018 & Delaware County Orphans Court" and that her "powers as plenary guardian . . . were denied." (*Id.* at 4.) As alleged, Mr. Johnson was admitted to Delaware County Memorial Hospital ("DCMH") in January 2022 for treatment of a recurring urinary tract infection and his condition worsened over nine days. (*Id.* at 4.) She claims that her attempts to transfer Mr. Johnson to "his primary care hospital at UPenn

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

were denied" and "[w]hen UPenn did come to get Mr. Johnson DCMH doctors refused to release him causing him to [succumb] to his infection." (*Id.*) Johnson also claims that DCMH refused to allow her to visit Mr. Johnson because he was Covid positive, although "no results were sent to [the] CDC." (*Id.*)

According to Johnson, "Dr. Patterson inserted a latex feeding tube" although Mr. Johnson was allergic to latex, Dr. Nunez refused to release Mr. Johnson to UPenn and lied, saying that they had no space, and Dr. Harmon intubated Mr. Johnson without consent. (*Id.*) She further contends that hospital staff failed to remove a Foley catheter, causing infection, and that nurses and doctors at DCMH refused to provide pain medicine or pressure relief to Mr. Johnson while he was unresponsive. (*Id.*)

Johnson also claims that she was not permitted to see Mr. Johnson until after his death and the medical examiner refused to perform an autopsy. (*Id.*) She further alleges that Mr. Johnson's medical records were altered and "forensic pathologist Khail Wardak conducted [a] private autopsy with supporting concerns." (*Id.*)

As relief, Johnson asks the Court "to review this misconduct of these medical professionals and hold them as well as the owners responsible for their negligence." (*Id.* at 5.) She also seeks $90 million in damages. (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Additionally, the Court must review any claims over which subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

As Johnson is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III.   DISCUSSION

As pled, the nature of Johnson's claims is unclear.  It appears that Johnson attempts to assert claims on behalf of an individual for whom she was a "plenary guardian."  However, Johnson may not proceed in this manner for several reasons.  First, a non-attorney may not bring claims on behalf of another individual in federal court.  *See Murray on behalf of Purnell v. City of*

3

*Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). "The federal courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (internal quotations omitted).

To the extent that Johnson seeks to pursue a claim on Mr. Johnson's behalf as his legal guardian consistent with Federal Rule of Civil Procedure 17(c)(1),[2] she may not do so acting *pro se* and is limited to pursuing such claim through counsel. *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991) ("[A] non-lawyer appearing *pro se*, . . . [is] not entitled to play the role of attorney for his children in federal court."); *see also Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("Under our holding in *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991), a guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer.").

Additionally, as Mr. Johnson appears to be deceased, in the context of an estate, "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake," such that a non-attorney administrator or executor may not represent the estate. *Murray*, 901 F.3d at 171. Furthermore, an artificial entity may only appear in federal court through licensed counsel. *See*

---

[2] It is unclear from Johnson's submission whether Mr. Johnson was a minor, or an incompetent person as that term is used in the Rule.

4

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted); *see also Marin v. Leslie*, 337 F. App'x 217, 220 (3d Cir. 2009) (*per curiam*) (trustee pursuing claims on behalf of a trust may not appear *pro se*).  Thus, while Johnson may pursue her own claims as a self-represented litigant, she may not represent Mr. Johnson or his estate in federal court because she does not allege that she is an attorney.

Furthermore, only a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915.  *See Rowland*, 506 U.S. at 196 (neither an estate nor a trust may proceed *in forma pauperis*); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (*per curiam*) ("Because an estate is not a natural person, it may not . . . proceed [*in forma paupers*]."); *Upshur v. Hospedale*, No. 17-1358, 2018 WL 395729, at *2 (D. Del. Jan. 12, 2018) (a trust may not proceed *in forma pauperis*).

The Court will thus construe the Complaint as presenting claims by Johnson the individual on her own behalf, so that she may qualify to proceed *pro se* and enjoy the privilege of proceeding *in forma pauperis*.  However, even under a liberal reading of the Complaint, the Court is unable to ascertain a plausible basis for a claim on Johnson's own behalf.  Although Johnson indicates that the basis for federal question jurisdiction is a violation of her constitutional rights, (*see* Compl. at 3), she simply has presented no allegation of a violation of a right secured by the Constitution.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."

5

*Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995). Here, Johnson does not identify any constitutional right that was violated and no allegations in the Complaint even suggest that any named Defendant is a state actor. Accordingly, any § 1983 claims presented by Johnson will be dismissed.

Additionally, Johnson has not provided a factual basis to support any state law claim on her own behalf. Nor has she adequately alleged the Court's jurisdiction over any such potential state law claim. The only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a

6

citizen of the state where it has its principal place of business as well as the state of its incorporation. 28 U.S.C. § 1332(c)(1).

Johnson listed California addresses for Defendants Prospect Medical Holdings and Samuel Sang-Bum Lee in the Complaint. (*See* Compl. at 3.)  Although Johnson also included Jim Brown, Leonard Green & Partners, Benjason Rodrigo Nunez, Johnathan Harmon, and Shamleejah Amesha Patterson as Defendants in the caption of the Complaint, and presented allegations against Drs. Patterson, Nunez, and Harmon in the body of the Complaint, she failed to include Jim Brown, Leonard Green & Partners, Johnathan Harmon, and Shamleejah Amesha Patterson in the list of Defendants and provided no citizenship information for these Defendants, as well as for Defendant Benjason Rodrigo Nunez. (*See id.* at 1, 4.)  Since the Complaint is silent on the citizenship of several of the parties, Johnson has not met her burden for establishing a basis for diversity jurisdiction over any state law claims she seeks to bring on her own behalf.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss her Complaint.  Johnson will be given an opportunity to file an amended complaint in the event she can cure the defects noted by the Court.  Johnson's motion for appointment of counsel (ECF No. 3), is denied without prejudice as premature.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is

appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows, which provides further instruction as to amendment.

*NITZA QUIÑONES ALEJANDRO, J.*